**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Errol B. RESNICK et al., Defendants-
Appellants.**

**No. 29706.**

United States Court of Appeals,
Fifth Circuit.

June 2, 1972.

James M. Russ, Orlando, Fla., for Resnick and Carlton.

Robert W. Duckworth (Court Appointed) Orlando, Fla., for Davis.

John L. Briggs, U. S. Atty., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before GODBOLD, SIMPSON and CLARK, Circuit Judges.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The petition for rehearing of appellant Carlton is denied.

With respect to the search and seizure at Kennedy Airport, our opinion, 455 F. 2d 1127, concluded that the motion to suppress was properly denied. The government now concedes that if the government seeks a retrial of those defendants whose convictions are reversed, the trial court should consider whether the search and seizure at Kennedy was tainted by any illegal search in Florida. In view of this concession, with which we agree after reexamination of the record, our opinion is modified accordingly.[1] In all other respects the petitions for rehearing of appellants Resnick and Simpson are denied.

No member of this panel nor judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, FRAP; Local Fifth Circuit Rule 12) all petitions for rehearing en banc are denied.

---

[1.] Appellant Davis did not file a petition for rehearing. However, in the event of his retrial he should be extended the benefit of the government's concession.

**Harold S. MALONE et al., Plaintiffs-
Appellants,**

v.

**SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant-Appellee.**

**No. 72–1527.**

United States Court of Appeals,
Fifth Circuit.

June 16, 1972.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The plaintiffs assert a claim under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. (1965) for maintaining differing pay scales according to geographic location. The district judge granted defendant's motion to dismiss. We dismiss the appeal as frivolous.[1a]

Dismissed.

---

[1a.] See Rule 20, Local Rules of the United States Court of Appeals for the Fifth Circuit.